Robert J. Herrington (SBN CA 234417)
herringtonr@gtlaw.com
Adil M. Khan (SBN CA 254039)
khanad@gtlaw.com
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800

Attorneys for Defendant, Fanatics, LLC

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAKE CAVANAUGH, on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>FANATICS, LLC,<br><br>　　　　Defendant. | CASE NO. _____<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332(d) AND 1453**<br><br>Filed (state court): May 6, 2022<br>Removed:　　August 25, 2022 |

**PLEASE TAKE NOTICE** that Defendant Fanatics, LLC ("Fanatics" or "Defendant") hereby removes the above-captioned action from the Superior Court of the State of California for the County of Fresno (Case No. 22CEG01395, the "State Court Action") to the United States District Court for the Eastern District of California. This removal is made pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d) and 1453.

Fanatics denies the allegations and request for relief sought in the Complaint and First Amended Complaint, and it files this Notice without waiving any defenses. Defendant does not concede, and specifically reserves, its right to contest the suitability of this lawsuit for certification as a class action.

A removing defendant is required to provide only a "short and plain statement" of the bases for removal and need not present or plead evidentiary detail. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014).[1] If a challenge is raised to the Court's jurisdiction, Defendant will provide evidence to support the allegations in this pleading.

## I. RELEVANT PROCEDURAL HISTORY

1. Plaintiff Jake Cavanaugh filed the putative Class Action Complaint (the "Complaint") in the Superior Court of California for the County of Fresno on May 6, 2022. In the Complaint, Plaintiff asserts claims "on behalf of himself and all others similarly situated . . . ." (Ex. C, Complaint at 2:1-3.)[2]

2. The Complaint named just one defendant, Fanatics Holdings, Inc., which was later dismissed with prejudice and replaced by Defendant Fanatics, LLC when Plaintiff filed the First Amended Complaint on June 8, 2022. A true and correct copy of the

---

[1] *See also Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2012) ("Nothing in 28 U.S.C. § 1446 requires a removing defendant to attach evidence of the federal court's jurisdiction to its notice of removal. Section 1446(a) requires merely a 'short and plain statement of the grounds for removal.' Moreover, we have observed that 'it is clearly appropriate for the district courts, in their discretion, to accept certain post-removal [evidence] as determinative of the [jurisdictional requirements].'").

[2] As explained below, Exhibit C contains all process, pleadings, and orders in the State Court Action that are *not* included in Exhibits A or B.

Summons and First Amended Complaint (collectively, the "FAC") is attached as **Exhibit A**.

3. Plaintiff sent Defendant's counsel a Notice of Acknowledgment Form for the Summons and FAC on July 6, 2022. Defendant's counsel signed and returned the form on July 26, 2022. A true and correct copy of the signed Notice of Acknowledgment Form is attached as **Exhibit B**.

4. True and correct copies of all process, pleadings, and orders in the State Court Action that are not included in Exhibits A or B are attached as **Exhibit C**.

5. This Notice of Removal is timely under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of Defendant's signature and return of the Notice of Acknowledgment, which is the date on which the Summons and FAC are deemed served. *See* Cal. Civ. Proc. Code § 415.30(c) (service deemed complete when written acknowledgment of receipt of summons is executed and returned by the defendant to the sender).

## II. SUMMARY OF PLAINTIFF'S ALLEGATIONS

6. Fanatics sells licensed sportswear, collectibles, and merchandise through its website https://www.fanatics.com/. The FAC alleges that Fanatics misled consumers by advertising "free shipping" or "flat, low-cost shipping" while at the same time charging a "Handling Fee" that Plaintiff characterizes as a "hidden shipping fee." (*See*, *e.g.*, Ex. A (FAC) ¶¶ 1-9.)

7. Based on these allegations, Plaintiff asserts three claims under (i) California's Unfair Competition Law ("UCL") and (ii) Consumers Legal Remedies Act ("CLRA"), as well as (iii) a claim for breach of contract. (Ex. A (FAC).)

## III. VENUE

8. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the location where the State Court Action was pending at the time of removal.

## IV. JURISDICTION

9. The Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, grants this Court jurisdiction over this action because: (i) this case meets CAFA's definition of a "class action"; (ii) the putative class consists of more than 100 members; (iii) there is minimal diversity of citizenship; (iv) the amount in controversy, after aggregating the sum or value of each proposed class member's potential claim, exceeds $5 million (exclusive of interest and costs); and (v) Defendant is not a state, state official or other governmental entity. *See* 28 U.S.C. § 1332(d).

### A. This Action Fits CAFA's Definition of a "Class Action."

10. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action . . . ." 28 U.S.C. § 1332(d)(1)(B).

11. Plaintiff's operative pleading is called the "First Amended *Class Action* Complaint." (Ex. A (FAC) at 1 (emphasis added).) The FAC explains that "this [case] is a proposed class action . . . ." (*Id.* ¶ 1.) The FAC also includes a section on "Class Allegations." (*Id.* ¶¶ 42–51.) And Plaintiff seeks to certify a putative class meeting the following proposed definition: "All consumers in California who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, ordered merchandise through Fanatics.com, and were assessed a so-called 'Handling Fee.'" (*Id.* ¶ 42.) Thus, Plaintiff's allegations in the FAC meet CAFA's definition of a "class action."

### B. The Putative Class Consists of More than 100 Members.

12. CAFA requires more than 100 putative class members for removal. 28 U.S.C. § 1332(d).

13. The FAC alleges that "hundreds of thousands of Fanatics customers like Plaintiff have been assessed hidden shipping charges they did not bargain for." (Ex. A (FAC) ¶ 7.) And in addressing the "numerosity" requirement, the FAC alleges that "due to

the nature of the trade and commerce involved, Plaintiff believes that the Class members are well into the thousands, and thus are so numerous that joinder of all members is impractical." (*Id.* ¶ 44.)

14. Fanatics has confirmed that the number of consumers in California who ordered merchandise through https://www.fanatics.com/ and were assessed a "Handling Fee" during the applicable limitations period exceeds 100. Thus, the aggregate number of class members is greater than 100 persons for purposes of 28 U.S.C. § 1332(d)(5)(B).[3]

**C.  This Action Meets CAFA's Diversity Requirements.**

15. Diversity under CAFA exists if the citizenship of "any member of a class of plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

16. Plaintiff alleges that he is a citizen of the State of California. (Ex. A (FAC) ¶ 11.)

17. Fanatics, LLC is a limited liability company that is organized under Delaware law and maintains its principal place of business in Florida. Thus, under CAFA, Defendant is a citizen of Delaware and Florida. *See* 28 U.S.C. §1332(d)(10).[4]

18. CAFA's minimal diversity requirement is satisfied because Plaintiff is a citizen of California, on the one hand, and Fanatics is a citizen of Delaware and Florida, on the other. *See* 28 U.S.C. § 1332(d)(2)(A).

---

[3] Although Fanatics concedes that the putative class meets the threshold for CAFA jurisdiction, Fanatics rejects any suggestion that this lawsuit will ultimately be appropriate for class treatment.

[4] *See also Ramirez v. Carefusion Res., LLC*, No. 18-CV-2852-BEN-MSB, 2019 WL 2897902, at *2 (S.D. Cal. July 5, 2019) (finding "that for purposes of CAFA, [a limited liability company] is a citizen of the State where it has its principal place of business and the State under whose laws it is organized" and denying motion for remand); *Hernandez v. State Farm Fire & Cas. Co.*, No. 16CV200-LAB (JLB), 2017 WL 932198, at *2 n.1 (S.D. Cal. Mar. 9, 2017) (finding that "[u]nder CAFA, . . . an LLC is deemed to be a citizen both of the state where it has its principal place of business as well as the state under whose laws it is organized"); *Parker v. Dean Transportation, Inc.,* No. CV 13-2621-BRO(VBKX), 2013 WL 12091841, at *9 (C.D. Cal. June 26, 2013) (same).

### D. The Amount in Controversy Exceeds the CAFA Threshold of $5 Million.

19. Federal courts have original jurisdiction under CAFA for "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). In determining whether that threshold is met, the claims of the individual class members are aggregated. *See* 28 U.S.C. § 1332(d)(6). "The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (quotation marks omitted).

20. To satisfy this requirement, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (same).

21. Plaintiff does not quantify the monetary relief sought, and Fanatics denies that Plaintiff and the putative class are entitled to any damages or other monetary relief. Nonetheless, taking Plaintiff's allegations as true for purposes of removal *only*, his claims satisfy CAFA's threshold.

22. Again, Plaintiff seeks to certify a putative class consisting of: "All consumers in California who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, ordered merchandise through Fanatics.com, and were assessed a so-called 'Handling Fee.'" (Ex. A (FAC) ¶ 42.) The FAC seeks monetary damages, compensatory damages, punitive damages, disgorgement, restitution, declaratory relief, injunctive relief, attorneys' fees, and costs on behalf of the putative class. (Ex. A (FAC) ¶¶ 1, 10, 45(f), 51, 68, 80 and pp. 12–13 (Prayer for Relief).) Plaintiff's request for monetary relief and attorneys' fees places more than $7,500,000 in controversy, well above CAFA's minimum.

23. **Base Damages/Restitution:** Plaintiff alleges that all putative class members sustained injury arising from Fanatics' "promises to provide 'free' or flat, low-cost

shipping on orders of sports merchandise ordered through its website." (Ex. A (FAC) ¶ 1.) Plaintiff further alleges that Fanatics' "marketing representations are false because Fanatics surreptitiously adds a so-called 'Handling Fee' of $1.99 to all orders, which it falsely and deceptively claims . . . is for 'warehouse and packing' costs." (*Id.* ¶ 2.) According to Plaintiff, "the deceptive addition of the $1.99 'Handling Fee' renders Fanatics' promise of FREE or a flat, low cost shipping false." (*Id.* ¶ 4; *see also id.* ¶¶ 24, 32, 38, 73.) Under that alleged theory, Plaintiff claims that "the *actual* 'shipping' cost—the extra charge to have the sports merchandize delivered to a home—is the listed 'Shipping' cost *plus* the 'Handling Fee' that Fanatics deceptively adds late in the ordering process." (FAC ¶ 34 (emphasis in original).) Thus, Plaintiff seeks to recover, at minimum, the alleged "Handling Fees" charged by Fanatics to the putative class. (*See*, *e.g.*, FAC ¶¶ 1, 2, 4, 24, 32, 34, 38, 69, 73, 78, 80.)

24. **Punitive Damages:** "A defendant satisfies the amount-in-controversy requirement under CAFA if it is reasonably possible that it may be liable for the proffered punitive damages amount." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020). One way the removing party can meet that burden is to cite other cases where punitive damages are awarded at or above the ratio supporting the removal's estimates. *Id.* (citing *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015)).

25. In *Greene*, plaintiff asserted a CLRA claim, and defendant removed the case to federal court under CAFA. The district court granted plaintiff's motion to remand, but the Ninth Circuit reversed, finding that defendant satisfied CAFA's amount-in-controversy requirement "by citing four cases where juries had awarded punitive damages at ratios higher than 1:1 for claims based on the CLRA." *Id.* Those same cases support removal here. *See Gutierrez vs. Autowest Inc.*, 37 Trials Digest 12th 6 (2009) (S.F. Sup. Ct. July 5, 2009) (awarding 2:1 ratio between punitive and economic damages under CLRA); *Gutierrez v. PCH Roulette, Inc.*, 23 TRIALS DIGEST 5th 2, 2001 WL 1897961 (S. Cruz Sup. Ct. July 18, 2001) (awarding 11:1 ratio between punitive damages and general damages); *Angel v. YFB Hemet, Inc.*, No. G030528, 2004 WL 1058180 (Cal. Ct. App. Apr.

30, 2004) (awarding 10:1 ratio between punitive damages and restitution award); *Int'l Paper Co. v. Affiliate FM Ins. Co.*, 2001 Jury Verdicts LEXIS 49427 (Nov. 2, 2001) (awarding 3:1 ratio between punitive damages and general damages).[5]

26. **Attorneys' Fees:** Under CAFA, the amount in controversy includes all reasonable attorneys' fees that might permitted, not just through the date of removal, but through resolution of the action. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018). The FAC seeks attorneys' fees. (Ex. A (FAC) at 12 (Prayer for Relief).)

27. Based on experience, the scope of the action, and the issues raised by the FAC, Defendant reasonably estimates that Plaintiff's counsel will seek to recover at least 25% of any monetary award as attorneys' fees. This belief is supported by prior requests by these same Plaintiffs' attorneys for 25% (or more) in fees in other consumer class actions filed in California. Some examples are included as **Exhibit E**.

28. Further, although not applied as a *per se* rule, a 25% benchmark is typically applied by courts in this Circuit to assess the amount in controversy in class actions. *See, e.g.*, *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 n.4 (9th Cir. 2020) (holding that removal was proper where defendant calculated "25 percent of the compensatory damages and punitive damages . . . to meet the $5+ million amount-in-controversy requirement" and district court "assumed it to be acceptable"); *see also In re Google Inc. St. View Elec. Commc'ns Litig.*, 21 F.4th 1102, 1120 (9th Cir. 2021) (discussing "25% benchmark for attorneys' fees" for consumer class actions).

29. **The Amount in Controversy Exceeds $5 Million:** Of the three claims, the CLRA has the shortest limitations period of three years. Cal. Civ. Code § 1783.[6] Since May 6, 2019 (*i.e.*, three years before filing), California customers who ordered

---

[5] Copies of these documents are attached as **Exhibit D** for the Court's convenience.

[6] The contract and UCL claims are subject to four-year statutes of limitation. Cal. Civil Proc. Code § 337(a) (4 years for breach of written contract); Cal. Bus. Prof. Code § 17208 (4 years for UCL).

merchandise through Fanatics.com paid several million in "Handling Fees" during this period, which Plaintiff has put at issue. Plaintiff also seeks punitive damages.[7] Applying a 1:1 compensatories-to-punitive-damages ratio, plus the 25% benchmark for attorneys' fees, the amount in controversy is more than $7,500,000. If challenged or requested by the Court, Fanatics will submit the evidentiary detail supporting this calculation.

### E. Defendant Is Not a State, State Official, or Other Governmental Entity

30. Defendant is not a state, state official, or other governmental entity.

## V. NOTICE TO PLAINTIFF AND SERVICE ON THE STATE COURT

31. As required by 28 U.S.C. § 1446(d), Fanatics will serve written notice of this Notice of Removal on Plaintiff, and Fanatics will file a copy of this Notice of Removal with the clerk of the Superior Court of California for the County of Fresno, California.

## VI. CONCLUSION

As shown above and in the supporting Exhibits, this lawsuit meets CAFA's requirements. WHEREFORE, this action, which was previously pending in the Superior Court of California for the County of Fresno, California, is hereby removed to this Court.

DATED: August 25, 2022                 GREENBERG TRAURIG, LLP

By /s/ Robert J. Herrington
Robert J. Herrington
Adil M. Khan
Attorneys for Defendant,
FANATICS, LLC

---

[7] *See* Ex. A (FAC) ¶ 74; *see also* Cal. Civ. Code § 1780(a)(4) (authorizing punitive damages under CLRA).