# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAKE CAVANAUGH, | Case No. 1:22-cv-01085-JLT-SAB |
| Plaintiff, | ORDER GRANTING IN PART AMENDED STIPULATION AND SEQUENCING OF DEFENDANT'S ARBITRATION MOTION AND RESPONSE TO FIRST AMENDED COMPLAINT |
| v. | |
| FANATICS, LLC, | |
| Defendant. | (ECF No. 9) |

Plaintiff filed this putative class action in the Superior Court of California for the County of Fresno on May 6, 2022. (ECF No. 1-3.) A first amended complaint was filed in the state court on June 20, 2022. (ECF No. 1-1.) On August 25, 2022, Defendant removed the action to federal court. (ECF No. 1.) The initial scheduling conference is currently set for November 1, 2022. (See ECF No. 2.)

On August 26, 2022, the parties filed a stipulation pursuant to Local Rule 144 extending the deadline for Defendant to file an answer to the first amended complaint from September 1, 2022 to September 29, 2022. (ECF No. 4.) That same day, the parties also filed a stipulation seeking to stay Defendant's response to first amended complaint pending resolution of an anticipated, but not yet filed, motion to compel arbitration; the Court construed this filing as a stipulated motion to stay, and denied it as premature. (ECF Nos. 5, 8.) However, the denial was issued without prejudice to refiling of the request once any motion to compel arbitration has been

filed.

On September 9, 2022, the parties filed an amended stipulation, in which they again seek to continue the deadline to file a response to the complaint, pending a ruling on Defendant's anticipated motion to compel arbitration. (ECF No. 9.) The parties proffer Defendant's "forthcoming motion to compel arbitration … <u>will be filed by September 29, 2022</u>" (<u>id.</u> at 2 (emphasis in original)), and therefore seek an order in which the deadline to respond to the complaint (which currently remains set for September 29, 2022) is extended to twenty-one days after the Court enters an order on the "forthcoming" motion to compel arbitration, if such a response is still required following that order (<u>id.</u> at 5). The parties further proffer that the stay is appropriate because some courts do not construe a motion to compel arbitration as a sufficient response to the complaint, and the parties seek to promote efficiency and conserve resources. The Court agrees that the parties' intended approach would promote efficiency and conserve resources and it is inclined to stay the litigation pending a ruling on any motion to compel arbitration, if and when such a motion is filed. However, a request to stay litigation pending a ruling on a motion that has not yet been filed with the Court—and which the Court cannot presume will be filed on a certain date based solely on the parties' say so—remains premature.[1] However, in the interest of judicial efficiency, the Court shall grant in part and deny in part the parties', once again, premature stipulated request.

Accordingly, IT IS HEREBY ORDERED that the parties' amended stipulated motion to stay Defendant's answer to the first amended complaint until twenty-one days after the Court enters a ruling on the parties' anticipated motion to compel arbitration (ECF No. 9) is

---

[1] While the Court is not unsympathetic to the parties' concerns, it must also note that parties frequently stipulate to modify briefing schedules and scheduling orders to extend filing deadlines, and the Court frequently grants these requests. If a litigation is stayed with no motions pending on the record for the Court to consider, there is a danger that the case will stagnate due to an unforeseen lack of diligence by the parties in prosecuting the case. This, too, is a circumstance that has occurred in cases before this Court. If the parties intended all along to file a motion to compel arbitration on September 29, and not a response to the complaint, it is unclear to the Court why the parties did not simply, *for example*, submit a stipulated briefing schedule by which the motion and concurrent request to stay litigation would be filed by September 29, and any response to the complaint, if the litigation was not stayed, would be filed by October 20. *Alternatively*, the parties could have simply stipulated to an extension of the responsive pleading deadline to a reasonable date (such as October 20), and if a motion to compel arbitration were to be filed prior to that extended date, the parties concurrently seek to stay the action at that time. In any event, there is a filing deadline of September 29, and no filings are yet on the record. The Court cannot find good cause exists to stay litigation if there is not yet any motion pending before it to consider.

GRANTED in part and DENIED in part, as follows:

1. Defendant shall file any motion to compel arbitration by **September 29, 2022**;

2. The deadline to file a response to the complaint is extended to **October 20, 2022**; and

3. If Defendant files a motion to compel arbitration on September 29, 2022, it may concurrently seek to stay the responsive pleading deadline for twenty-one days after a ruling on the pending motion to compel arbitration, and the Court is inclined to grant such request and stay the responsive pleading deadline at that time.

IT IS SO ORDERED.

Dated:   **September 9, 2022**

UNITED STATES MAGISTRATE JUDGE